## ALBERT K. BARNES *v.* DANIEL W. VAUGHAN.

Where no particular place for payment is named in a note, payment must be demanded of the maker, in order to charge the indorser, on the last day of grace, either personally, or at his place of business or abode; and written notice to the maker, by mail, given by a bank with whom the note is left for collection, and previous to the note's falling due, that the note has been so left, and of the day of payment, will not be a sufficient demand upon the maker to render the indorser liable.

ASSUMPSIT against the defendant as the indorser of two promissory notes for six hundred dollars each, made by one Nelson C. Northup, and payable, one in thirty-six, and the other in seventy-four months after date, to the order of the defendant, and by him indorsed to the plaintiff.

At the trial before the court, to whom the case was submitted in fact and law, under the general issue, it appeared that the notes, which were not made payable at any particular place, had been left by the plaintiff at the Mount Vernon Bank, in Foster, for collection; and that the only demand of payment

made upon Northup, the maker, was by the usual printed bank notice, mailed to him by the cashier of the bank, and directed to him at Providence, where he lived, in the early part of the months in which they respectively fell due, although at what times precisely, the cashier of the bank could not recollect. Due notice of non-payment by the maker was proved to have been given to the defendant.

*Bartlett,* for the plaintiff.

Notice through the post-office, of demand of payment of the maker, is sufficient. *Manchester Bank* v. *Fellows,* 8 Foster, (N. H.) R. 302 ; *Kelsie* v. *Jones,* 3 McLean, R. 96 ; *Foster* v. *Smith,* 2 Pick. 338.

*Burgess & Brownell,* for the defendant.

1. A note, specifying no place of payment, must be presented to the maker personally, or at his residence or place of business, when due; and neither bankruptcy, insolvency, nor death of maker will dispense with the necessity for such demand, and due notice to the indorser. Edwards on Bills and Notes, 159, 486 ; Story on Promissory Notes, §§ 201, 203, 241 ; *Anderson* v. *Drake,* 14 Johns. R. 114 ; *Taylor* v. *Snyder,* 30 Denio, R. 145 ; *Spies* v. *Gilmore,* 1 Coms. R. 321.　　　　　　　⬤

2. The notes in suit were entitled to grace, and should, therefore, have been presented to the maker on the third day of grace, and payment demanded. Edwards on Bills and Notes, 525, 527 ; *Cook* v. *Darling et al.* 2 R. I. 385 ; *Bank of Washington* v. *Triplett,* 1 Pet. R. 31 ; *Wood et al.* v. *Corl,* 4 Met. R. 203 ; *Griffin* v. *Goff,* 12 Johns. R. 423 ; *Jackson* v. *Newton,* 8 Watts, R. 401.

3. An indorser of a note does not dispense with the necessity of presentment for payment and notice of non-payment, by taking from the maker security against his liability. *Seacord* v. *Miller,* 3 Kern. R. 55 ; *Woodman* v. *Eastman,* 10 N. Hamp. R. 359 ; *Spencer* v. *Harvey,* 17 Wend. R. 489 ; *Kramer* v. *Sanford,* 4 Watts & Serg. 328 ; *Creamer* v. *Perry,* 17 Pick. R. 332.

BOSWORTH, J. The defence to this suit is, that no legal and proper demand was made on the maker of the note; and that therefore the indorser, who is here sued, is discharged. The rule of the common law is, that in order to charge the indorser,

demand must be made on the maker for payment on the very day on which the note becomes due. In case the note on its face is made payable at a particular place, as at a bank named, it is necessary, and only necessary, to make demand at such place ; but if no place of payment is named in the note at which the note is payable, it is necessary to present the note to the maker personally, or at his place of abode or business, before the indorser can be made chargeable. In this case, no place of payment was mentioned in the notes. The notes were left at the Mount Vernon Bank for collection ; and it is agreed, that the maker had notice before the day of payment that they were there for that purpose. This notice could not avail to make the notes payable at said bank. The maker had not by the terms of his contract agreed to pay the notes at that bank; and a demand there was no demand upon him. It was necessary that demand should be made upon him personally, or at his dwelling, or place of business, on the last day of grace. No such demand was made, and the indorser therefore was never charged.

*Judgment must therefore be rendered for the defendant, for his costs.*